UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

    Plaintiff,

v.

City of Detroit, et al.,

    Defendants.

_____/

Case No. 25-12689
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2), PARTIALLY DISMISSING COMPLAINT, AND DENYING MOTION TO PROCEED ANONYMOUSLY (ECF No. 4)**

## I.  BACKGROUND

On August 26, 2025, pro se Plaintiff Jane Doe, as personal representative of the Estate of Tyrone Burch Jr. ("Burch"), filed this case along with an application to proceed without prepaying fees or costs and a motion to proceed anonymously. (ECF Nos. 1, 2, 4, respectively.) On October 14, 2025, Doe filed a "motion for leave to file [an] amended complaint," which consists of an "evidentiary guide" and numerous exhibits. (ECF No. 7.) On October 24, 2025, Doe filed a motion to supplement the record, which consists of more exhibits. (ECF No. 8.) The

Court treats these two motions (ECF Nos. 7, 8) as attachments to the original complaint (ECF No. 1).

In the complaint, Doe alleges that Defendant Paul Duane Jones violated Burch's Fourth Amendment rights. Doe also brings a *Monell* claim against the City of Detroit. (ECF No. 1.)

For the following reasons, the Court **GRANTS** Doe's application to proceed without prepaying fees or costs, **PARTIALLY DISMISSES** the complaint for failure to state a claim on which relief may be granted, and **DENIES** her motion to proceed anonymously.

## II.   BACKGROUND

According to the complaint, on March 19, 2011, Jones fatally shot Burch outside of Palms Night Club, located at 15350 Fenkell, Detroit, Michigan. (ECF No. 1, PageID.13.) Jones was the owner of Palms Night Club. (*Id.*, PageID.62.) Doe also alleges that the subsequent investigation conducted by the Detroit Police Department ("DPD") was faulty and violated numerous DPD directives. (ECF No. 7–1.)

## III.   LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the

Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Nevertheless, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). Courts generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673,

3

680 (6th Cir. 2011) (citations omitted). However, the Court may consider items appearing in the record of the case without converting the motion into one for summary judgment so long as the items are referenced in the complaint and are central to the claims. *Id.*

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

In reviewing Doe's application to proceed in forma pauperis, the Court finds that Doe is unable to prepay the filing fee. (ECF No. 2.) Thus, the Court **GRANTS** her application to proceed in forma pauperis under 28 U.S.C. § 1915.

### B. Dismissal of Jones

#### 1. *Fourth Amendment Claim*

Doe brings a § 1983 Fourth Amendment claim against Jones alleging he used "unreasonable deadly force" when he shot Burch. (ECF No. 1, PageID.9.)

To state a cause of action under § 1983, a plaintiff must allege two elements: (1) that *the defendant acted under color of state law* and (2) that the defendant deprived the plaintiff of a federally protected right. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). "A plaintiff may not proceed under §

1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978)). Only when a private actor's conduct is "fairly attributable to the state" can be he be acting under color of state law. *Lugar,* 457 U.S. at 937.

The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. … The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

5

*Id.* at 195.

Here, Doe fails to allege facts supporting *any* plausible inference that Jones acted under color of state law when he shot Burch. Because Doe's suit against Jones fails the first element required for a § 1983 action, the Court **DISMISSES** her Fourth Amendment claim.

2. *Wrongful Death Claim*

Doe also brings a wrongful death claim against Jones pursuant to MCL § 600.2922. (ECF No. 1, PageID.10 (Section 600.2922 "applies because Defendant Jones' unjustified discharge of a firearm caused Mr. Burch's death.").)

"[U]nder Michigan precedent[,] it is clear that a wrongful death action is *derivative*, rather than *independent*, of a decedent's underlying tort action." *Kane v. Rohrbacher*, 83 F.3d 804, 805 (6th Cir. 1996). Because the Court dismissed Doe's Fourth Amendment § 1983 claim, there is no underlying action for the wrongful death claim. Accordingly, Doe's wrongful death claim is **DISMISSED**.

V. **MOTION TO PROCEED ANONYMOUSLY**

Doe requests that this Court allow her to proceed anonymously. (ECF No. 4.) However, Doe's name appears throughout her pleadings.

(*See* ECF No. 1, PageID.72–76; ECF No. 2, PageID.83.) Because Doe has already revealed her identity through her own public filings, the Court **DENIES** her motion to proceed anonymously.

## VI. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Doe's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Doe's Fourth Amendment and wrongful death claims against Jones are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Jones is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Doe's *Monell* claim against the City of Detroit remains in this case.

**IT IS FURTHER ORDERED** that Doe's motion to proceed anonymously (ECF No. 4) is **DENIED**, and the Clerk of the Court shall designate the plaintiff in this case as "Kelly Wilson."

The Court also directs Doe to the Federal Pro Se Legal Assistance Clinic, located in Room 738 of the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226. The

hours of the clinic are Mondays, Wednesdays, and Fridays from 1:00pm to 5:00pm. The clinic can be contacted at 313-234-2690 and proseclinic@udmercy.edu.

**SO ORDERED.**

Date: December 18, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
